**In the Matter of Michael J. SMITH.**

**No. 85S00–0401–DI–001.**

Supreme Court of Indiana.

July 24, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Amended Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** An Ohio law firm hired respondent to collect debts owed by Indiana residents to one of their clients. Respondent agreed to do this on a contingency fee basis. He did not have a written contingency fee agreement signed by the client that stated the method by which the fee was to be determined and whether his collection expenses were to be included or excluded from the computation of the contingency fee.

Respondent had two accounts at a local bank, one for his law practice and one for his personal use. The local bank was not a financial institution approved by the Commission for attorney trust accounts. The law practice account was not identified as an attorney trust account nor was it set up subject to overdraft and notification requirements. The respondent used the law practice account to hold his clients' money as well as his own personal deposits. From this account, he paid personal bills not associated with his law practice. He did not have an identified attorney trust account for his client's funds, nor did he appropriately safeguard his client's money.

Respondent failed to report and remit to the Ohio law firm his collections from debtors in an adequate or timely manner.

He also commingled his personal funds with his clients' funds in the unauthorized account.

When the respondent did open an IOLTA account in another bank after the Commission began its inquiry into his activities, he also mismanaged that account in violation of the rules of professional conduct. The respondent commingled deposits of his personal funds with his clients' funds in that account. He did not keep accurate records of his clients' funds. And, he failed to deposit intact checks received from clients into his trust account.

**Violations:** Respondent violated Rule 1.5(c) of the *Indiana Rules of Professional Conduct* by failing to have a written contingency fee agreement that was signed by his client stating the method by which the fee was to be determined including the inclusion or exclusion of his collection expenses. He violated Rule 1.15(a) of the *Indiana Rules of Professional Conduct* because he did not have an identified attorney trust account for his client's funds, he commingled his own funds with those of his clients, he did not keep complete records of his trust account funds, and he did not appropriately safeguard his client's money. Respondent paid personal expenses from the same account that held his client's money and exerted unauthorized control over property belonging to his client, thereby committing the offense of criminal conversion in violation of Rule 8.4(b) of the *Indiana Rules of Professional Conduct.* Respondent failed to promptly deliver monies he had collected on behalf of his client thereby violating Rule 1.15(d) of the *Indiana Rules of Professional Conduct.* And, Respondent violated Section 29(a)(4) of *Rule 23 of the Rules for Admission to the Bar* when he failed to deposit intact checks received from clients into his trust account.

For the misconduct found herein, this Court now suspends the respondent from the practice of law for a period of sixty (60) days, effective September 11, 2006. At the conclusion of the suspension the respondent will be readmitted subject to a period of probation of twelve (12) months subject to the following conditions:

(1) that respondent retains, at his expense, the services of a professional accountant to review his trust account and certify that he is in compliance with Section 29 of Rule 23 of the *Rules for Admission to the Bar;* and

(2) that his accountant submits a monthly certification to the Commission that the respondent is in full compliance with the trust accounting rules.

If the respondent fails to comply with the above conditions, he will be subject to suspension for the remainder of the probationary period and required to petition the Court for reinstatement to the practice of law under Ind. Admission and Discipline Rule 23 §§ 4 and 18.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission; to the hearing officer, The Honorable Bruce C. Bade, Blackford Circuit Court, Courthouse, Hartford City, Indiana, 47348–0000; and, to all other entities as provided in Admis.Disc.R. 23(3)(d).

DICKSON, SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J., dissenting. The Court's order omits an important fact that, to me, makes this a case warranting more than the minimal suspension. This is not just a technical violation of trust account rules. Respondent was paying his personal bills with his client's money. The client did not get paid on schedule because respondent had spent the client's funds.